

# The Attorney General of Texas

July 8, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James M. Windham
Chairman
Texas Board of Corrections
Livingston, Texas 77381

Opinion No. MW-207

Re: Authority of the Department of Corrections to lease land under its control for the removal of sand and gravel

Dear Mr. Windham:

You have asked whether the Texas Board of Corrections is authorized to lease land under its control for the purpose of selling sand and gravel in deposits located on said land. Since you have specified that the land in question is under the control of the Department of Corrections, we assume that none is subject to the provisions of section 86.001, et seq., of the Parks and Wildlife Code. We understand that applicants would bid competitively for "permits," or surface leases, and that the Board would determine which applicants, if any, would receive contracts. A rental fee for the lease of the surface area would be charged, as well as a fixed fee at the market rate per cubic yard for the sand and gravel sold. Lease revenue would be deposited in the Mineral Lease Fund, and funds collected as royalty from the sale of sand and gravel would be deposited in the Department Operating Fund.

Various statutes authorize the Board of Corrections to lease land under its control. Article 6166o, V.T.C.S., permits the Board to lease "real estate for agricultural or grazing purposes" or "other fixed property... upon such terms as it may deem advantageous. . . ." Article 6203a, V.T.C.S., establishes a "Board for Lease of Texas Prison Lands" and provides that lands may be leased "to any person... or corporation... for the purpose of... exploring for and mining, producing... and disposing of the oil and/or gas therein. . . ." Finally, article 6203aa-1, V.T.C.S., allows the Board of Corrections to "lease state-owned land under its... control at its fair market lease value for an initial period not to exceed 20 years" under such terms as the Board deems appropriate.

Other statutes authorize the Board of Corrections to sell or otherwise dispose of certain property. See, e.g., article 6166o, V.T.C.S., (sale of prison products and personal and moveable property); article 6166z8, V.T.C.S., (sale of prison made goods); article 6203c, V.T.C.S., (sale of Shaw Farm and Prison-made Goods Act of 1963). However, no statute explicitly or implicitly authorizes the sale of sand and gravel in deposits located on

leased land. The question, therefore, is whether express or implied authority to lease land for this purpose is needed, or whether the Board of Corrections may proceed absent some clear prohibition against its doing so.

We conclude that the former is the correct interpretation. Viewed as a whole, the statutes governing the Department of Corrections, articles 6166, et seq., V.T.C.S., clearly indicate an intent on the part of the legislature to regulate closely the kinds of dispositions that the Board of Corrections may make of property under its control. The fact that the legislature has singled out certain purposes for which, and conditions under which, property may be leased or sold, i.e., real estate may be leased for agriculture or grazing, land may be leased for purposes of extracting oil and gas, and certain products may be sold, leaves little room for doubt that the legislature did not intend other property dispositions to be made. Article 6166o, for example, specifically authorizes the _sale_ of personal and moveable property, but only the _lease_ of real estate or other fixed property and appurtenances. Had the legislature wished to confer unlimited authority upon the Board of Corrections to dispose of land as it sees fit, it could easily have done so. _See_, e.g., Education Code §65.39, which vests in the University of Texas System board of regents the "exclusive management and control [of System lands]" and authorizes the regents to "sell, lease, and otherwise manage, control, and use the lands in any manner... and under terms and conditions the board deems best. . . ."

## SUMMARY

Absent express statutory authority, the Board of Corrections may not lease land under its control for the purpose of selling sand and gravel in deposits located on said land.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Bruce Youngblood